IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KEVIN M. SCOTT, # R-21871,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| vs. | ) Case No. 18-cv-1345-MJR |
| | ) |
| **ILLINOIS,** | ) |
| | ) |
| **Respondent.** | ) |

# **MEMORANDUM AND ORDER**

**REAGAN, Chief District Judge:**

Petitioner Kevin M. Scott, a state prisoner currently incarcerated at Western Illinois Correctional Center, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2008 Madison County, Illinois, conviction for murder and kidnapping, on the basis of ineffective assistance of counsel.

Petitioner indicates that he has exhausted his state court remedies with respect to the claims raised in his federal habeas Petition; furthermore, he appears to have filed his Petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(A) and (d)(2). Without commenting on the merits of Petitioner's claims, the Court concludes that the Petition survives preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.

A word about the named Respondent is necessary. Petitioner has named "Illinois" as the only Respondent. However, the only proper Respondent in a collateral attack is the person who has custody over the Petitioner. *See* 28 U.S.C. § 2242. "If the petitioner is in prison, the warden is the right respondent." *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996); Rules 2(a) and (b) of the Rules Governing § 2254 Cases in the United States District Courts. The Court shall therefore

1

substitute the Warden of Western Illinois Correctional Center as the Respondent in this action.

Accordingly, the Clerk is **DIRECTED** to substitute **WARDEN, WESTERN ILLINOIS CORRECTIONAL CENTER** as the Respondent in this action, and terminate **ILLINOIS**. *See* FED. R. CIV. P. 21; FED. R. CIV. P. 17(d).

In any future documents filed in this case, Petitioner shall identify the Warden as the Respondent.

**IT IS HEREBY ORDERED** that Respondent shall answer the Petition or otherwise plead within thirty days of the date this order is entered (on or before August 29, 2018).[1] This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness argument it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge **Clifford J. Proud** for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and the opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

---

[1] The response date Ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

**IT IS SO ORDERED.**

**DATED: July 30, 2018**

s/ MICHAEL J. REAGAN

**U.S. Chief District Judge**
